**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4000**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KYMONI DAVIS, a/k/a Money,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:20-cr-00018-1)

———————————

Submitted:  June 22, 2023                          Decided:  June 27, 2023

———————————

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Wesley P. Page, Jonathan D. Byrne, OFFICE OF THE PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Courtney L. Finney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kymoni Davis appeals the 96-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]    On appeal, Davis argues that the upward-variant sentence is substantively unreasonable.  We affirm.

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021).  If a sentence is procedurally reasonable, we then review the sentence for substantive reasonableness, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)."[2]  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory [Sentencing] Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Id.* at 215 (internal quotation marks omitted).  However, "district

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Davis' offense was committed before the June 25, 2022, amendment of the statute.

[2] Davis does not contend that his sentence is procedurally unreasonable, and we discern no significant procedural error in Davis' sentence.

2

courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (cleaned up). "While we must consider the extent of the variance from the sentencing range, the fact that we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)), *cert. denied*, 142 S. Ct. 2798 (2022). Thus, an upward-variant sentence is "generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Id.* (internal quotation marks omitted).

We conclude that Davis' sentence is substantively reasonable. The district court reasonably emphasized the severity of Davis' conduct, which included not only possessing a firearm as a convicted felon, but also firing into a crowded bar on a holiday and wounding seven people. Considering the district court's "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors," *Nance*, 957 F.3d at 215 (internal quotation marks omitted), the court did not abuse its discretion in concluding that the nature and circumstances of the offense, along with Davis' personal history and circumstances and the need for deterrence, justified the upward-variant sentence.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3